UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X
CERTIAN UNDERWRITERS AT LLOYD'S,
LONDON, INDIAN HARBOR INSURANCE
COMPANY, QBE SPECIALTY INSURANCE
COMPANY, STEADFAST INSURANCE
COMPANY, GENERAL SECURITY INDEMNITY
COMPANY OF ARIZONA, UNITED SPECIALTY
INSURANCE COMPANY, LEXINGTON
INSURANCE COMPANY, SAFETY SPECIALTY
INSURANCE COMPANY, HDI GLOBAL
SPECIALTY SE, and OLD REPUBLIC UNION
INSURANCE COMPANY,

Civil Action No. _____

**Petition to Compel Arbitration**

                Petitioners,

vs.

ERIC AND DENISE FRANCE PROPERTIES, LLC,

                Respondent.
------------------------------------X

Petitioners, Certain Underwriters at Lloyd's, London, Indian Harbor Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Union Insurance Company (the "Insurers"), by and through their attorneys, Mound Cotton Wollan & Greengrass, LLP, for their Petition to Compel Arbitration against Respondent Eric and Denise France Properties, LLC, allege upon information and belief, as follows:

**Preliminary Statement**

1.     The Insurers bring this proceeding under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), the Convention Act, 9 U.S.C. §§ 2 et seq., and the Federal Arbitration Act (the "FAA").

2. The Insurers respectfully seek an Order from this Court compelling Respondent's participation in the arbitration process demanded under the binding Arbitration Agreement to which the Insurers and Respondent are parties and to stay all litigation pending arbitration.

**Introduction**

3. This suit arises from a commercial property insurance claim made by Respondent.

4. The Insurers severally participated in two insurance policies (the "Policies")[1] issued to Eric and Denise France Properties, LLC, which policies provided certain coverages, subject to the terms and conditions of the Policies, to 46 properties listed on the Statement of Values (the "Properties").

5. The first, with account ID 693422, was issued for the one-year period commencing on December 18, 2019. See Ex. 1 to the Oct. 24 Decl. of Jeffrey S. Weinstein.

6. The second, with account ID 793082, was issued for the one-year period commencing on December 18, 2020. See Ex. 2 to the Weinstein Decl.

7. On or about October 28, 2020, Hurricane Zeta made landfall in Louisiana.

8. Respondent alleges that Hurricane Zeta caused damage to the Properties.

9. On or about August 29, 2021, Hurricane Ida made landfall in Louisiana.

10. Respondent alleges that Hurricane Ida also caused damage to the Properties.

11. Respondent and the Insurers disagree as to the amount of compensable damage under the Policies, including property damage and business interruption.

12. The Policies each contain an Arbitration Agreement.

13. Under 9 U.S.C. § 202, the Arbitration Agreement falls under the Convention because it arises out of a commercial relationship and it is not entirely between citizens of the

---

[1] Steadfast Insurance Company and Lloyd's Syndicates 382, 5000, 2468, and 2015 participate in Account ID 693422 only. Lloyd's Syndicates 1301, 1225, and 4444 participate in Account ID 793082 only.

United States. Therefore, under 9 U.S.C. §§ 201 and 206, the Insurers seek an order from the Court requiring Respondent to submit all claims to the arbitration process as provided for in the Arbitration Agreement.

14. Alternatively, the Arbitration Agreement is enforceable under the FAA because the Policies are contracts evidencing transactions involving commerce, each of which include a written provision to settle by arbitration a controversy arising out of them, including the refusal to perform the whole or any part of them. Therefore, under 9 U.S.C. § 4, the Insurers seek an order from the Court requiring Respondent to submit all claims to the arbitration process as provided for in the Arbitration Agreement.

15. In addition, under 9 U.S.C. § 3, the Insurers seek an order from the Court staying this litigation, pending the conclusion of arbitration.

**The Parties**

16. Certain Underwriters are a collection of unincorporated insurance syndicates organized under the laws of the United Kingdom.

17. QBE Specialty Insurance Company is a North Dakota corporation with its principal place of business in Wisconsin.

18. Indian Harbor Insurance Company is a Delaware corporation with its principal place of business in Connecticut.

19. Steadfast Insurance Company is an Illinois corporation with its principal place of business in New York.

20. General Security Indemnity Company of Arizona is an Arizona Corporation with its principal place of business in New York.

21. United Specialty Insurance Company is a Delaware corporation with its principal place of business in Texas.

22. Lexington Insurance Company is a Delaware corporation with its principal place of business in Massachusetts.

23. Safety Specialty Insurance Company is a Missouri corporation with its principal place of business in Missouri.

24. HDI Global Specialty SE ("HDI") is registered under the laws of Germany with its principal place of business in Germany.

25. Old Republic Union Insurance Company is an Illinois corporation with its principal place of business in Illinois.

26. Upon information and belief, Respondent is a Louisiana limited liability company with its principal place of business in Louisiana.

**Jurisdiction and Venue**

27. The Arbitration Agreement, which is the subject of this Petition, falls under the Convention and thus this Court has original jurisdiction under 9 U.S.C. § 203 and 28 U.S.C. § 1331.

28. The Convention applies here because it involves an Arbitration Agreement to which Certain Underwriters and HDI, foreign citizens, are parties. 9 U.S.C. § 202. For example:[2]

    a. Syndicate 2987 is an unincorporated association, the managing agent of which is Brit Syndicates Limited and sole corporate member of which is Brit UW Limited, registered in England and Wales, with its principal place of business in London, England; and

---

[2] This listing is an incomplete list of the Underwriters participating on the risk and is not intended to be exhaustive. Rather it illustrates the extent to which entities that are citizens of countries other than the United States are subscribers to the Policy. Upon information and belief, the remaining syndicates are primarily comprised of citizens of Contracting States other than the United States.

4

b.  Syndicate 510 is an unincorporated association, the managing agent of which is Tokio Marine Kiln Syndicates Limited and the majority corporate member is Tokio Marine Kiln Group Limited, registered in England and Wales and has its principal place of business in London, England.

29. Venue is proper in this Court under 9 U.S.C. § 204 because it is the district and division which "embraces the place designated in the agreement as the place of arbitration if such place is within the United States."

**Facts**

1. **The Policies' Arbitration Agreement**

30. The Insurers issued to Respondent Commercial Property Insurance Policies for two, consecutive one-year period commencing on December 18, 2019.

31. The Policies insure against all risks of direct physical loss or damage to Covered Property, except as excluded. See Ex. 1 to the Weinstein Decl. at p. 12; Ex. 2 to the Weinstein Decl. at p. 13.

32. The Policies also extend coverage to "the actual loss sustained by the Insured during the Period of Interruption directly resulting from a Covered Cause of Loss to Covered Property." See Ex. 1 to the Weinstein Decl. at p. 23; Ex. 2 to the Weinstein Decl. at p. 24.

33. The Policies include an Arbitration Agreement which requires that "all matters in difference" between Respondent and the Insurers concerning the Policies shall be referred to an Arbitration Tribunal, the seat of which is to be in New York, and which will apply New York law. See Ex. 1 to the Weinstein Decl. at p. 35; Ex. 2 to the Weinstein Decl. at p. 36.

34. The Arbitration Agreement is set forth in full below:

> ARBITRATION CLAUSE: All matters in difference between the Insured and the Companies (hereinafter referred to as "the parties") in relation to this insurance, including its formation and validity,

5

and whether arising during or after the period of this insurance, shall be referred to an Arbitration Tribunal in the manner hereinafter set out.

Unless the parties agree upon a single Arbitrator within thirty days of one receiving a written request from the other for Arbitration, the Claimant (the party requesting Arbitration) shall appoint his Arbitrator and give written notice thereof to the Respondent. Within thirty days of receiving such notice, the Respondent shall appoint his Arbitrator and give written notice thereof to the Claimant, failing which the Claimant may nominate an Arbitrator on behalf of the Respondent.

Should the Arbitrators fail to agree, they shall appoint, by mutual agreement only, an Umpire to whom the matter in difference shall be referred. If the Arbitrators cannot agree to an Umpire, either may request the selection be made by a judge of a New York court.

Unless the parties otherwise agree, the Arbitration Tribunal shall consist of persons employed or engaged in a senior position in Insurance underwriting or claims.

The Arbitration Tribunal shall have power to fix all procedural rules for the holding of the Arbitration including discretionary power to make orders as to any matters which it may consider proper in the circumstances of the case with regard to pleadings, discovery, inspection of documents, examination of witnesses and any other matter whatsoever relating to the conduct of the Arbitration and may receive and act upon such evidence whether oral or written strictly admissible or not as it shall in its discretion think fit.

Each party will pay its chosen Arbitrator, and also bear the other expenses of the Arbitration and Umpire equally.

The seat of the Arbitration shall be in New York and the Arbitration Tribunal shall apply the law of New York as the proper law of this insurance.

The Arbitration Tribunal may not award exemplary, punitive, multiple, consequential, or other damages of a similar nature.

A decision agreed to by any two members of the Arbitration Tribunal shall be binding. The award of the Arbitration Tribunal shall be in writing and binding upon the parties who covenant to carry out the same. If either of the parties should fail to carry out any award the other may apply for its enforcement to a court of

competent jurisdiction in any territory in which the party in default is domiciled or has assets or carries on business.

See Ex. 1 to the Weinstein Decl. at p. 35; Ex. 2 to the Weinstein Decl. at p. 36.

2. **The Loss**

35. On or about October 28, 2020, Hurricane Zeta made landfall in New Orleans, Louisiana.

36. Respondent alleges that Hurricane Zeta caused damage to the Properties.

37. On or about January 5, 2021, Respondent notified the Insurers of the Loss and made a claim under the Policy (the "Zeta Claim").

38. On January 6, 2021 the Insurers assigned Sedgwick to investigate and adjust the Hurricane Zeta loss.

39. On or about August 29, 2021, Hurricane Ida made landfall in Louisiana.

40. Respondent alleges Hurricane Ida caused damage to the Properties.

41. On or about September 16, 2021, Respondent notified the Insurers of the Loss and made a claim under the Policy.

42. That same day, the Insurers assigned Sedgwick to investigate and adjust the Hurricane Ida loss.

43. Respondent did not produce an estimate for its alleged Hurricane Zeta or Ida losses until November 30, 2021.

44. Despite Respondent's untimely reporting of the Zeta Claim, the Insurers promptly adjusted it and timely paid all amounts due.

45. The Insurers promptly adjusted the Hurricane Ida claim, and timely paid all amounts due.

46. According to Respondent, the combined value of its Zeta and Ida losses are $4,999,652.14.

47. Respondent also contends it is entitled to $2,075,039.43 in "statutory penalties," $649,954.78 in "costs," and $1,718,768.26 in attorney's fees.

48. The Insurers maintain that Respondent has not provided satisfactory proof of loss regarding any amounts recoverable under the Policies beyond those sums already paid by the Insurers.

49. The Insurers further maintain that Respondent is entitled to no extracontractual damages.

50. On October 24, 2022, the Insurers demanded that that Respondent arbitrate all matters in difference between Respondent and the Insurers with respect to the Zeta and Ida losses. See Ex. 3 to the Weinstein Decl.

3. **Respondent's Breach of the Policy**

51. Respondent has for weeks rejected the Policies' Arbitration Agreement. See Ex. 4 to the Weinstein Decl. at p. 4.

52. Last August, Respondent sent to the Insurers a letter rejecting the Arbitration Agreement's New York Law provision, instead claiming that Louisiana law applied. See Ex. 4 to the Weinstein Decl. at p. 4.

53. More recently, Respondent served what it purported to be a Notice of Arbitration on the Insurers. See Ex. 5 to the Weinstein Decl. ("Notice of Louisiana Arbitration").

54. The Notice of Louisiana Arbitration raises six matters in difference between Respondent and the Insurers:

    a. Is Sedgwick's adjustment of the claim reasonable under the [Policies] and the law?

  b.  Did Sedgwick unduly influence the engineers or adjusters to prejudice [Respondent's] interest in the value of the loss?

  c.  Did the [Insurers] unduly influence Sedgwick to prejudice [Respondent's] interest in the value of the loss?

  d.  What is the scope of the loss?

  e.  What is the value of the loss?

  f.  Did the [Insurers] meet their burden of proof in applying coverage and exclusions to the claim?

55. Respondent therefore agrees that there are matters in dispute between it and the Insurers.

56. Respondent's Notice of Louisiana Arbitration purports to nominate David Clement as a "single" arbitrator. See Notice of Louisiana Arbitration at p. 5.

57. Contrary to the Arbitration Agreement, Mr. Clement does not appear to be a "person[] employed or engaged in a senior position in Insurance underwriting or claims." See Ex. 1 to the Weinstein Decl. at p. 35; Ex. 2 to the Weinstein Decl. at p. 36.

58. Nor does the Arbitration Agreement allow for a "single" arbitrator. Rather, each party must select their party-appointed arbitrator, who must then – if they fail to agree – appoint "an Umpire to whom the matter in difference shall be referred." See Ex. 1 to the Weinstein Decl. at p. 35; Ex. 2 to the Weinstein Decl. at p. 36.

59. Further, the Notice of Louisiana Arbitration claims that "Venue and Jurisdiction shall be under Louisiana's jurisdiction and Venue," and that the "procedural rules governing [the Louisiana Arbitration] proceeding will be under Louisiana Binding Arbitration Law, *La. Rev Stat 9:4201*, et al." See Notice of Louisiana Arbitration at p. 5.

60. Respondent's contention is wrong.

61. At most, it is another matter in difference to be resolved – pursuant to the Arbitration Agreement – by the arbitration panel.

62. Further, upon information and belief, and in further violation of the Policies' Arbitration Agreement, Respondent intends to take further action in Louisiana – an improper forum – against the Insurers.

## **CLAIM FOR RELIEF**

63. Under 9 U.S.C. § 4, "A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement."

64. Section 206 of the Convention Act provides that the Court may "direct that arbitration be held in accordance with the agreement at any place therein provided for, whether that place is within or without the United States."

65. Section 206 of the Convention Act also provides that the Court "may also appoint arbitrators in accordance with the provisions of the agreement."

66. Accordingly, the Insurers respectfully request that the Court refer this matter to arbitration.

67. Additionally, Section 3 of the FAA provides:

> If any suit…be brought…upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which said suit is pending, upon being satisfied that the issue involved in such suit or proceedings is referable to arbitration

under such an agreement, shall on application of one of the parties
stay the trial of the action until such arbitration has been had.

68. Under 9 U.S.C. §§ 206 and 208, this mandatory stay provision applies to litigation subject to an Arbitration Agreement falling under the Convention and the Convention Act.

69. Therefore, in conjunction with the Insurers' request that the Court refer this litigation to arbitration, and under the FAA and the Convention, the Insurers request the Court stay this litigation and enjoin Respondent from commencing or proceeding with any other litigation until the completion of arbitration.

**WHEREFORE**, the Insurers respectfully request that this Court:

A. Issue an order compelling arbitration under 9 U.S.C. §§ 4 and 206;

B. Retain jurisdiction over this matter until a complete panel of arbitrators is formally constituted;

C. Stay the litigation pending the outcome of the arbitration under 9 U.S.C. § 3; and

D. Enjoin Respondents from litigating the subject matter of this lawsuit and the arbitration in any venue other than before an arbitration panel.

Dated: New York, New York
     October 24, 2022

By: /s/ Jeffrey S. Weinstein
Jeffrey S. Weinstein
David A. Nelson
Samuel B. Weiss
Mound Cotton Wollan & Greengrass LLP
One New York Plaza Fl. 44
New York, New York 10004
JWeinstein@moundcotton.com
DNelson@moundcotton.com
SWeiss@Moundcotton.com
Tel: (212) 804-4200
Fax: (212) 344-8066

*Attorneys for Petitioners*